# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANAY MCCLARIN<br>504 Sabal Lake Dr. #200<br>Longwood, FL 32779<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL ALLIANCE FOR<br>PARTNERSHIPS IN EQUITY<br>91 Newport Pike, Ste. 302<br>Gap, PA 17527<br><br>　　　　　Defendant. | CIVIL ACTION<br><br>No.:_____<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Janay McClarin (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.　Plaintiff has initiated this action to redress violations by National Alliance for Partnerships in Equity (hereinafter referred to as "Defendant") of Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of filing with the Pennsylvania Human Relations Commission ("PHRC") (October 13, 2021). Plaintiff's PHRA claims however will mirror identically her federal claims under Section 1981.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. The United States District Court for the Eastern District of Pennsylvania also has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship. More specifically:

   i. Plaintiff is a citizen of Florida;

   ii. Defendant is incorporated in Pennsylvania and has a principal place of business in Pennsylvania. Therefore, Defendant is a citizen and resides in Pennsylvania;

   iii. The amount in controversy exceeds $75,000.

4. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

5. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1), because Defendant resides in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant is a membership-based consortium of state and local agencies, corporations, and national organizations.

9. At all times relevant herein, Defendant acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a black (African-American) female.

12. Plaintiff was hired by Defendant on or about June 11, 2018 and a Program Manager.

13. During her employment with Defendant, Plaintiff was directly and indirectly supervised by various individuals, including but not limited to:

   i. Ricardo Romanillos, Former Associate Director of Programs and Plaintiff's direct supervisor from June of 2018 through in or about January of 2021, when he resigned (hereinafter "Romanillos" - Hispanic);

   ii. Ashley Conrad, current Associate Director of Programs and Plaintiff's direct supervisor from January of 2021 through September 13, 2021 (hereinafter "Conrad" – Caucasian);

   iii. Silvia Ramos, Senior Director of Programs and indirect supervisor of Plaintiff between February of 2021 and September 13, 2021 (hereinafter "Ramos" – upon information and belief, Hispanic);

   iv. Ben Williams, former Chief Executive Officer and direct supervisor for various programs and projects assigned to Plaintiff between June 11, 2018

and May of 2021, when he was separated from his employment with Defendant (hereinafter "Williams" – Caucasian); and

v. Mimi Lukfin, current Chief Executive Officer and direct supervisor for various programs and projects assigned to Plaintiff between in or about July of 2021 and September 13, 2021 (hereinafter "Lufkin" – Caucasian).

14. Shortly after beginning her employment with Defendant, I began to be subjected to discriminatory treatment based on my race by Defendant's management, including but not limited to Williams.

15. The discriminatory and disparate treatment that Plaintiff was subjected to by Williams consisted of, but was not limited to (1) scolding her for ridiculous and baseless reasons; (2) not providing her with the necessary support so that she could complete her job duties effectively; (3) speaking to her in a disrespectful and condescending tone; (4) ignoring or overlooking her suggestions; (5) silencing her when she would attempt to speak during meetings or offer her opinion (to the point that in order to be heard, she would have to present her ideas to Romanillos first and then he would covey them to Williams); and (6) taking her ideas and/or solutions and implementing them as his own. Plaintiff did not see Williams treat other non-black employees in the same manner.

16. In response to the aforesaid discriminatory treatment that Plaintiff was being subjected to on the basis of her race, she expressed concerns to Williams and other members of Defendant's management that she was experiencing and observing racial inequities with the performance of her job and with Defendant's practices. For example:

   a. In or about November of 2019, Plaintiff attended a Racial Equity Discussion and expressed concerns with how she was being treated at Defendant on the basis of her race. During this discussion, she stated that stated that not everyone has the same

       experiences with Defendant and that if she wants to be heard, she has to go through her supervisor, Romanillos; and

    b. On or about June 1, 2020, Plaintiff was asked to provide input for a statement that Defendant was going to publish "in support" of the Black Lives Matter movement. Plaintiff provided her input as requested; however, when the final draft of the statement was sent to her and other team members, it was completely void of her input. In response, Plaintiff emailed Williams and several others (including Romanillos and Conrad) on June 3, 2020 regarding her concerns with the statement, commenting that the statement was "safe but not the current issue at hand nor do I hear my voice." Plaintiff further stated: "I know it will be sent as is and I understand why but I do not agree with it. Nor would I like any credit for its composition."

17. Less than two weeks after sending her June 3, 2020 email regarding the Black Lives Matter statement, Plaintiff was informed by Williams on June 15, 2020 that her job description and title would be changing. Specifically, Plaintiff was told that she would no longer be "Program Manager" but instead would be titled "Program Associate" – a title which in and of itself holds less significance than that of a Program Manager and from an outside perspective could appear as a demotion. Furthermore, upon information and belief, no other employee's title/job description was changed at this time.

18. In response, Plaintiff expressed concern over her job title/description change and eventually had Defendant's management agree to an updated job description and a job title of "Engagement Manager."

19. On July 17, 2020, in response to an email sent by Williams requesting what his staff (including Plaintiff) would need from him in order to "build your muscle" when "looking at and talking

about race and the effects of institutionalized and systemic racism on Black people, Indigenous people, and People of Color", Plaintiff informed Williams (*inter alia*) that she did not feel respected by him as black woman, that because the color of her skin – she did not matter and was not able to reach her true potential or value within Defendant, and that the company seemed to be operating on the basis of "do as I say, not as I do" when promoting equality for the black community (but not for black staff within Defendant).

20. Plaintiff's aforesaid complaint of racial discrimination was not well received and she continued to be ignored and treated with hostility and animosity because of her race and/or her complaints of racial discrimination, including but not limited to being ignored, belittled, humiliated, and not supported by Defendant's management.

21. By way of specific example (but not intending to be exhaustive):

   i. In November of 2020, a position for "Program Specialist" was posted and appeared to be the same exact job that Plaintiff was performing but the pay scale was higher than what Plaintiff was being paid at the time. Plaintiff inquired with Williams as to why she was not being paid the same salary as the posted position, when she essentially had the same job duties. Instead of increasing her pay, Williams simply changed her job description to include other duties (such as the ones listed for the Program Specialist) but never increased her pay;

   ii. Between late 2020 and early 2021, while Plaintiff was attempting to plan and organize Defendant's Summit event (a large important event planned and held by Defendant every year), Williams continuously denied her support, attempted to circumvent her in the decision-making process by speaking to other

employees instead of her, and ignored her requests for assistance and various items that would help make the event successful.

22. Plaintiff spoke with Conrad and Ramos[2] about Williams' discriminatory and retaliatory behavior in or about April of 2021, and while Williams did respond to some of Plaintiff's concerns regarding event planning for the Summit (only after having been talked to by Conrad and Ramos), his racist and retaliatory behavior did not cease.

23. In or about May of 2021, Williams was separated from his employment with Defendant and Lufkin became the interim CEO.

24. Even though Williams was no longer one of Plaintiff's supervisor, the hostility that Plaintiff was subjected to previously (discussed *supra*) did not cease. Instead, Plaintiff continued to be subjected to discriminatory/retaliatory treatment by her supervisors, Conrad and Ramos.

25. The retaliation exhibited by Conrad and Ramos primarily stemmed from Plaintiff's previous complaints of racial discrimination/retaliation and her continued complaints following Williams' separation.

26. For example, on June 21, 2021, during a team meeting, Plaintiff vocalized a concern with how Defendant responded to Juneteenth being declared a federal holiday. She expressed that she believed it was wrong of Defendant to release a public statement supporting the passage of Juneteenth being recognized as a federal holiday but at the same time deny Defendant's employees the ability to take the day off.

27. Plaintiff was reprimanded via email on June 23, 2021 by Ramos for expressing frustrations (including her concern with the way Defendant handled Juneteenth being declared a federal holiday) in a team meeting and categorized her expressed concerns as "venting."

---

[2] Conrad and Ramos began directly and indirectly supervising Plaintiff in early 2021 – as discussed *supra*.

28. In a last-ditch effort to be heard about her observations and experiences with racial discrimination and retaliation within Defendant (as she had been silenced and ignored multiple times before), Plaintiff had a meeting with Lufkin on July 6, 2021. During this meeting, Plaintiff reiterated her aforesaid complaints of race discrimination/retaliation regarding Williams and the race discrimination/retaliation she has experienced since he separated.

29. Lufkin ignored Plaintiff's aforesaid complaints and never properly investigated or resolved the same. As a result, the retaliation/discrimination only grew worse.

30. For example, in or about early August of 2021, Conrad informed Plaintiff that her job title and description was again changing to "Professional Development Manager" and that her starting salary would be $63,000. While this was higher than Plaintiff had been paid in years prior with Defendant, she was concerned that it still was not equal to what other (non-black) Managers were earning and that Defendant was undervaluing her work.

31. Plaintiff therefore raised concerns over the aforesaid change in job title and description, as well as the offered salary with Defendant's management.

32. Specifically, Plaintiff stated in an email dated August 12, 2021:

> I have been with NAPE for 3 years and each year my job title has changed without any discussion or explanation. As I look at my career and roles I have had, it would appear to an outside reviewer that I am nose-diving with the titles I have been given. They did not accurately reflect what I do. I was hired as a Program Manager and that title carries more weight and respect in this career field than the one I currently have and the one that you are proposing.

33. Plaintiff also questioned her newly proposed salary in the aforesaid August 12, 2021 correspondence with Conrad and asked whether she fell in the same salary range as other "Managers" within Defendant. Plaintiff also cited to an email that Defendant sent out on August 5, 2021,

highlighting Black Women's Equal Pay Day, thereby inferring that she did not believe she was being paid equally as a black woman.

34. Conrad responded to Plaintiff's email by stating that Defendant's management did consider pay equity when creating the Professional Development Manager position, that there was no room to negotiate her salary, but that they would keep her title as "Engagement Manager." In addition, Ramos informed Plaintiff during an in person meeting that if she did not want to accept the position then she did not have to work for Defendant.

35. Plaintiff accepted the aforesaid changed job description and associated salary on August 24, 2021 (as she had no other choice).

36. Less than three weeks after accepting the aforesaid new job description, Plaintiff was abruptly terminated from her employment with Defendant for alleged "insubordination."

37. Specifically, Plaintiff's termination letter, dated September 13, 2021 stated "Your employment, as discussed during the termination meeting, is terminated because of continuous insubordination with supervisors and other staff which has affected your performance, among other reasons."

38. Plaintiff was never issued any written discipline (for insubordination, performance, policy violations or otherwise) prior to her termination and believes that the proffered reason for her termination was completely pretextual.

39. Plaintiff believes and therefore avers that the real reason Defendant terminated her employment was because of her race and/or her complaints of racial discrimination.

## COUNT I
### Violations of 42 U.S.C. Section 1981
**([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff was subjected to a hostile work environment through disparate treatment, pretextual admonishment, demeaning/derogatory treatment, and/or unilateral job changes as outlined *supra* because of her race, her complaints of racial discrimination/inequities with the performance of her job and Defendant's practices, and/or her complaints of retaliation.

42. Following her complaints of discrimination/retaliation, Plaintiff was subjected to increased hostility and animosity and ultimately terminated for completely pretextual reasons.

43. Therefore, Plaintiff believes and avers that her race was a determinative or motivating factor in her termination from Defendant.

44. Plaintiff also believes and therefore avers that she was she was terminated because of her race, her objections to/complaints of racial discrimination and inequities with the performance of her job and Defendant's practices, and/or her complaints of retaliation.

45. These actions as aforesaid constitute violations of Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: March 22, 2022

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Janay McClarin | : | CIVIL ACTION |
| v. | : | |
| National Alliance for Partnerships in Equity | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

| 3/22/2022 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 504 Sabal Lake Drive, #200, Longwood, FL 32779

Address of Defendant: 91 Newport Pike, Suite 302, Gap, PA 17527

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/22/2022 _____ *(signature)* _____ ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff* — *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf _____, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 3/22/2022 _____ *(signature)* _____ ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff* — *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MCCLARIN, JANAY

**DEFENDANTS**
NATIONAL ALLIANCE FOR PARTNERSHIPS IN EQUITY

**(b)** County of Residence of First Listed Plaintiff: Seminole
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- **X** 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- **X** 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- **X** 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Section 1981 (42USC1981)

Brief description of cause:
Violations of Section 1981 and the PA Human Relations Act.

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** **X** Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 3/22/2022
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

Print    Save As...    Reset